Estate of Walter C. Burr, Deceased, Jerome P. Burr and Clinton S. Burr, Executors v. Commissioner.
Estate of Burr v. Commissioner
Docket No. 2500.
United States Tax Court
1944 Tax Ct. Memo LEXIS 16; 3 T.C.M. (CCH) 1299; T.C.M. (RIA) 45059; December 5, 1944
*16 In 1934 decedent purchased three single premium "life insurance" contracts, in conjunction with an annuity contract. The insurance contracts would not have been issued without the annuity contract. Thereafter decedent assigned the insurance contracts to his three sons, but retained the annuity. Held, the proceeds of the insurance contracts are includible in decedent's gross estate as property of which he made a transfer intended to take effect in possession or enjoyment at or after death, or under which he retained for life the right to the income from the property. Section 811 (c) of the Internal Revenue Code. Alexander Halpern, Esq., for the petitioners. Scott A. Dahlquist, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in estate tax in the amount of $31,185.03. The deficiency resulted from respondent's action in including in the gross estate of decedent the proceeds of three insurance policies taken out by decedent upon his own life and subsequently assigned to his three sons. Whether or not such proceeds were includible in decedent's gross estate under the provisions of section 811 (c) of the Internal Revenue *17 Code is the sole issue presented. Some of the facts have been stipulated, and are found accordingly; additional facts are found from the evidence. Findings of Fact Petitioner is the Estate of Walter C. Burr, who died testate on April 3, 1940, at the age of 80 years, 6 months and 25 days. The estate tax return was filed with the Collector of Internal Revenue for the first district of New York. On December 7, 1934, decedent executed three single premium life insurance contracts with The Prudential Insurance Company of America. The face amount and the premiums of the several policies were as follows: Face Amount
Single Premium
$33,334
$29,959.93
33,333
29,959.03
33,333
29,959.03
In conjunction with the purchase of the insurance policies decedent purchased an annuity contract in the face amount of $2,444.52 on December 10, 1934, at a cost of $17,622.01, under which decedent was entitled to monthly payments of $203.71. The insurance contracts would not have been issued without the annuity contract, but the annuity contract would have been issued without the insurance contracts. Each of the insurance contracts contained the usual loan, assignment and cash surrender provisions, *18 and was issued without medical examination. Decedent's three sons, Clinton S. Burr, Jerome P. Burr, and W. Winthrop Burr, were beneficiaries under the insurance contracts. On December 20, 1934, decedent executed and delivered an assignment of each of the three insurance policies to his three sons. In July 1936, decedent executed and delivered assignments of all dividend rights accruing under the insurance contracts to his three sons. The form of the several assignments was absolute and irrevocable and after the assignments of 1936, decedent retained no rights under the insurance contracts. At the time of the issuance of the insurance contracts and the assignments thereof decedent was in reasonably good health for a man of his age. He was active in business matters and enjoyed frequent motoring trips and walks. He had no serious ailments. He employed a nurse continually, who acted mainly as a companion to him. He was careful about his diet, principally because of his obesity. He was afflicted with mild diabetes and had been taking insulin, but the insulin treatments were discontinued entirely in the summer of 1934. As part of a plan to take care of himself and live as long as he *19 could, he had frequent physical examinations. His death in April 1940 was caused by acute uremia, due to protatic obstruction. He had anticipated living many more years and had made plans for his vacation the following summer. Absent the development of the prostatic condition decedent might have lived several more years. Opinion ARUNDEL, Judge: The sole issue presented for decision involves the includibility in the estate of decedent, under section 811 (c) of the Internal Revenue Code, of the proceeds of three single premium life insurance policies taken out by decedent on his own life, in conjunction with an annuity contract, and transferred to his three sons by assignments executed in 1934 and 1936. In every material respect this case is substantially on all fours with Estate of Cora C. Reynolds, 45 B.T.A. 44. On the authority of that case we hold that the transaction, taken as a whole, was a transfer or a series of transfers by decedent "intended to take effect in possession or enjoyment at or after his death" or "under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which *20 does not in fact end before his death (1) the * * * enjoyment of, or the right to the income from, the property." This disposition makes unnecessary a finding as to whether or not the transfers were made in contemplation of death. The determination of the Commissioner must be sustained. Decision will be entered for the respondent.